UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY FLORES, | No. 2:16-cv-2947 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| B. LEE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner at High Desert State Prison (HDSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted, and his complaint is dismissed with leave to file a First Amended Complaint.

I.     In Forma Pauperis Application

Plaintiff has submitted his affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 6, will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee

1

in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

2

that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### III. Screening of Plaintiff's Complaint

Plaintiff alleges generally in his complaint that defendants – HDSP physicians Griffith and Yusufzai, HDSP Chief Physician Lee, HDSP Warden Spearman and Federal Receiver Kelso – have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff alleges that he has severe spinal scoliosis, and that his current therapy (once a week) and medication (oxcarbazepine and acetaminophen) are inadequate to treat his significant pain and mobility symptoms. Plaintiff seeks the following injunctive relief: immediate access to a TENS unit (which previously helped relieve his symptoms) and referral to a specialist for evaluation and treatment, including an MRI and assessment of plaintiff's pain medications. Plaintiff also seeks compensatory damages in the amount of $5000 from each defendant.

The complaint identifies plaintiff's serious medical needs and the alleged deficiencies in his diagnoses and treatment. However, to state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a specific prison official "kn[ew] of and disregard[ed] an excessive risk to [his] health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The instant complaint fails to allege a direct connection between the alleged deficiencies in plaintiff's medical care and the challenged conduct of any specific defendant. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

3

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). A complaint that fails to identify the specific acts by each defendant that allegedly violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

The failure of the instant complaint to link plaintiff's claims with specific defendants requires its dismissal. Plaintiff will be granted leave to file a First Amended Complaint that provides the necessary linking allegations. It is appropriate to name as defendants plaintiff's specific treating physicians and specialists to the extent they expressly denied plaintiff's requests for treatment.

Plaintiff is also informed of the following limitations in naming defendants who hold only a supervisory role without direct input in plaintiff's care or who have merely processed his health appeals. Specifically:

- J. Clark Kelso is not a proper defendant premised on his position as the federal receiver for CDCR's medical care system. See Plata v. Schwarzenegger, et al., Case No. C01-1351-TEH (N.D. Cal. Jan. 23, 2008) (appointing Kelso). As federal receiver, Kelso is entitled to quasi-judicial immunity in the exercise of his professional discretion. See e.g. Singletary v. Duffy, , 2015 WL 4751164, at *3, 2015 U.S. Dist. LEXIS 106219, at *5-6 (E.D. Cal. Aug. 11, 2015) (Case No. 2:15-cv-1231 KJN P). Moreover, the complaint makes no charging allegations against Kelso. For these reasons, Kelso will be dismissed from this action.

- HDSP Warden Spearman is not a proper defendant absent plausible allegations that he directly participated in or ordered the alleged violations of plaintiff's Eighth Amendment rights, or failed to intervene when informed of such violations. Liability may not be imposed on a supervisor under the theory of respondeat superior, because every defendant is liable only for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Ewing v. City of

4

Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). These principles also apply to HDSP Chief Physician Lee, who is not a proper defendant premised only on his supervisory role.

- HDSP physician Griffith and Chief Physician Lee are not proper defendants on the singular ground that they denied plaintiff's health care appeals. "[P]rison officials are not required to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process his inmate grievances." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

- The complaint contains no specific or "linking" allegations against defendant physician Yusufzai.

Plaintiff may attempt to cure these deficiencies by setting forth specific "linking" allegations in a First Amended Complaint.

### IV. Leave to File a First Amended Complaint

Subject to the legal standards set forth herein, plaintiff may file a proposed First Amended Complaint (FAC) within thirty days after service of this order. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to any prior pleading. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading is superseded. The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A.

Failure to timely file a FAC will result in the dismissal of this action without prejudice.

### V. Summary

You have been granted in forma pauperis status to proceed in this action; you will pay the filing fee over time with deductions from your prison trust account.

The court has screened your complaint and found that your allegations, while generally

stating cognizable claims for deliberate indifference to your serious medical needs, fail to allege how any specific defendant acted with deliberate indifference to your needs. The court has informed you of the necessity of linking your allegations with specific defendants, and of the limitations in stating a cognizable claim against a supervisory official or against an official whose only challenged conduct was reviewing your health care claim. Federal Receiver Kelso will be dismissed from this action.

You have been granted leave to file a First Amended Complaint within thirty days, and the court has provided you guidance in stating cognizable claims.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 6, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Federal Receiver J. Clark Kelso is dismissed from this action for the reasons stated.

4. Plaintiff's original complaint, ECF No. 1, is dismissed with leave to file a proposed First Amended Complaint within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

DATED: September 18, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE