UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FLORES,<br><br>        Plaintiff,<br><br>   v.<br><br>B. LEE, et al.,<br><br>        Defendants. | No. 2:16-cv-2947 AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a state prisoner incarcerated at Mule Creek State Prison (MCSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with a First Amended Complaint (FAC) filed pursuant to 42 U.S.C. § 1983, challenging plaintiff's medical care when he was previously incarcerated at High Desert State Prison (HDSP). Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 4.

The court now screens the FAC, filed October 12, 2017, pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends the dismissal of this case for failure to state a claim, and the specific dismissal of defendant Kelso.

////

II.     Screening of Plaintiff's First Amended Complaint

      A.     Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Allegations

By order filed September 18, 2017, this court granted plaintiff's application to proceed in forma pauperis and dismissed the original complaint with leave to amend. See ECF No. 8. The original complaint challenged plaintiff's medical care, physical therapy and medication to treat his chronic pain and mobility issues associated with his severe congenital spinal scoliosis. Plaintiff sought damages; immediate access to a TENS unit; and referral to a specialist for evaluation and treatment, including an MRI and assessment of plaintiff's pain medications. The complaint named defendants Clark Kelso (the federal receiver overseeing CDCR's medical care system), HDSP Warden Eliot Spearman, HDSP Chief Physician Lee, and HDSP physicians Griffith and Yusufzai. See ECF No. 1.

The court dismissed the original complaint for failure to state a cognizable claim for deliberate indifference to plaintiff's serious medical needs,[1] and for failure to "link" pertinent factual allegations with the challenged conduct of specific defendants. See ECF No. 8. The court provided plaintiff guidance in stating a cognizable deliberate indifference claim against specific defendants, and dismissed defendant Clark Kelso for failure to state a claim.

In his FAC, filed October 12, 2017, plaintiff alleges one claim: "denied proper medical care." ECF No. 11 at 3. Plaintiff again seeks monetary damages and injunctive relief, the latter including an MRI and referral to a specialist, and access to a TENS unit until he obtains an MRI. The FAC names defendants Spearman (HDSP Warden), Miranda (Physician Assistant) and Lee (Physician), but the factual allegations again reference defendants collectively as "they" or "them," without identifying who denied plaintiff's requests for stronger pain medications, access to a TENS unit, and/or referral to a specialist and for an MRI. The undersigned's review of

---

[1] The complaint alleged only in general terms that plaintiff's care and treatment was deficient.

3

plaintiff's exhibits (see ECF No. 1 at 4-33, and ECF No. 11 at 5-9) fails to provide the requisite linkage between plaintiff's factual allegations and the conduct of the identified defendants. The only link appears to be a First Level Decision issued by Dr. Lee, partially granting plaintiff's health appeal. See ECF No. 1 at 13-4. However, review of the decision does not clarify the alleged roles of the named defendants, and plaintiff cannot pursue a claim premised on the failure of an official to favorably resolve his grievance. See e.g. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### C. Analysis

Despite the earlier guidance provided by the court, the FAC reflects the same deficiencies as the original complaint. Amendment has not improved the complaint, and it remains unclear why plaintiff is attempting to make claims against these specific defendants. Moreover, plaintiff's transfer from HDSP to MCSP appears to have rendered moot his claims for injunctive relief. See e.g. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility"). For these reasons, the undersigned finds that further amendment of the complaint would be futile and will therefore recommend dismissal of this action. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). Dismissal of this action would not limit plaintiff's ability to challenge, in a new action, his medical treatment at MCSP, provided he clearly identifies the who, what, where and when of each claim.

### III. Conclusion

For the foregoing reasons, the Clerk of Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. For the reasons set forth in the undersigned's initial screening order, see ECF No. 8 at 4, Federal Receiver J. Clark Kelso should be dismissed from this action.

2. This action should be dismissed without further leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE